UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| **CURTIS L. THOMPSON** | ) |
| **KATHRYN A. THOMPSON** | ) |
| 19 Shady Avenue | ) |
| Greenville, Pennsylvania 16125 | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) CIVIL ACTION NO. _____ |
| **TITLE SERVICES, LLC** | ) |
| PO Box 1056 | ) |
| Richmond, Kentucky 40476 | ) |
| | ) |
| Serve:  David Prater | ) |
| 144 N. Broadway | ) |
| Lexington, KY 40507 | ) |
| Registered Agent for Service | ) |
| of Process | ) |
| | ) |
| **TRAVELSCAPE LLC** | ) |
| 10190 Covington Cross Drive | ) |
| Suite 300 | ) |
| Las Vegas, Nevada 89144 | ) |
| | ) |
| Serve:  National Registered Agents, Inc. | ) |
| 306 W. Main Street, Suite 512 | ) |
| Frankfort, KY 40601 | ) |
| Registered Agent for Service | ) |
| of Process | ) |
| | ) |
| **DAVID FISHER** | ) |
| PO Box 1056 | ) |
| Richmond, Kentucky 40476 | ) |
| | ) |
| **BRIAN CHASE** | ) |
| 306 West Main Street | ) |
| Suite 512 | ) |
| Frankfort, Kentucky 40601 | ) |
| | ) |
| Defendants | ) |

## VERIFIED COMPLAINT

Plaintiffs, Curtis L. Thompson ("Curtis") and Kathryn A. Thompson ("Kathryn") (collectively, the "Plaintiffs" or the "Thompsons"), for their Verified Complaint against Defendants, Title Services, LLC d/b/a Title Service LLC ("Title Services"), Travelscape LLC ("Travelscape"), David Fisher ("Fisher"), and Brian Chase ("Chase") (collectively, the "Defendants"), hereby states as follows:

### Nature of the Case

1.      This action arises from a series of transactions in which Plaintiffs contracted to sell their interest in a timeshare for a vacation property located in Puerto Vallarta, Mexico, and subsequently contracted to rescind the sale contract for the timeshare. Each of the foregoing transactions were brokered by the Defendants, documented in written contracts to which Defendants Title Services and Travelscape were parties, and were entered into and performed under by Plaintiffs in reliance upon repeated promises of performance by the Defendants and their agents based upon representations of existing facts by the Defendants. Title Services and Travelscape are presently in breach of their contractual obligations to Plaintiffs, for which they are liable to Plaintiffs in excess of $568,000.

2.      Upon further investigation by Plaintiffs, the facts suggest that Defendants have perpetrated a fraudulent scam upon Plaintiffs, in which they have induced Plaintiffs to tender over $375,000, ostensibly to be held in escrow by Title Services, in furtherance of the transactions at issue herein. On information and belief, Plaintiffs' monies were not deposited in escrow and have been absconded by Defendants and their co-conspirators as part of a scheme to defraud Plaintiffs and other elderly retirees who are unsophisticated with investments.

2

**Parties**

3.      Plaintiffs are husband and wife who reside in Greenville, Pennsylvania at the address identified in the caption of this Verified Complaint. Curtis is 75 and Kathryn is 74 years old. Each of the Plaintiffs is retired and possesses very little investment acumen or experience.

4.      Defendant Title Services is a Kentucky limited liability company which, according to the Kentucky Secretary of State's Office, maintains its principal office in Richmond, Kentucky.

5.      Defendant Travelscape is a Nevada limited liability company having its principal office in Nevada, and which is registered to transact business in the Commonwealth of Kentucky.

6.      Defendant Fisher is, on information and belief, an individual who resides in or around Richmond, Kentucky.

7.      Defendant Chase is, on information and belief, an individual who resides in or around Frankfort, Kentucky.

**Jurisdiction and Venue**

8.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.§1332(a)(1) because the matter in controversy herein exceeds the sum of $75,000 exclusive of interests and costs, and is between citizens of different states. The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Pursuant to 28  U.S.C. § 1367(a), the Court has supplemental jurisdiction over all state law claims asserted in this action.

9.      The Court has personal jurisdiction over Defendant Title Services by virtue of the fact that it is organized under the laws of and regularly transacts business in the Commonwealth of Kentucky. The Court has personal jurisdiction over Defendant Fisher because, on information and belief, he resides or has resided, and regularly transacts business, in Kentucky, and has caused

3

tortious injury to Plaintiffs by acts or omissions in Kentucky. The Court has personal jurisdiction over Defendant Travelscape in that it is registered to transact business in Kentucky, regularly does so, and has engaged in acts or omissions in Kentucky which have caused tortious injury to Plaintiffs. The Court has personal jurisdiction over Defendant Chase because, on information and belief, he resides or has resided, and regularly transacts business, in Kentucky, and has caused tortious injury to Plaintiffs by acts or omissions in Kentucky.

10.     Venue is proper in the judicial district of the Eastern District of Kentucky pursuant to 28 U.S.C. § 1391(b)(2) and (3) in that a substantial part of the events or omissions given rise to the claims herein occurred in this judicial district, a substantial part of property at issue is situated in this district, and/or each of the Defendants is subject to the Court's personal jurisdiction in this district.

## Statement of Facts

11.     In May 2019, during a trip to the Vallarta Gardens Resort (the "Resort") in Puerto Vallarta, Mexico, the Thompsons made a down payment of $10,000 towards the purchase of a timeshare unit at the Resort (the "Unit"). Plaintiffs were informed by management representatives of the Resort at that time that the retail price for the Unit was $70,000, but that they would be able to acquire the Unit by assuming an existing purchase contract for the Unit, in the amount of $24,000.

12.     After returning to the United States, and upon further reflection, Plaintiffs sought to rescind the purchase contract for the Unit and get their $10,000 payment back. However, they were unsuccessful in doing so.

13.     Thereafter, in or around November 2019, the Thompsons received initial unsolicited contacts from an individual named Tony Turner with Travelscape. After the

4

Thompsons agreed to explore the matter further, Mr. Turner then passed transactional and communication responsibilities over to Defendant Chase from Frankfort, Kentucky as a representative of Travelscape, and David Fisher ('Fisher") from Richmond, Kentucky as a representative of Title Services.  During these contacts, Chase and Fisher made several representations to Plaintiffs concerning existing or past facts relating to the Unit. These included, without limitation, that Travelscape and Title Services had a qualified buyer who had signed a contract with Travelscape to purchase the Unit from Plaintiffs, the buyer had deposited funds in an escrow account towards the purchase, and that Travelscape and Title Services maintained all the proper licenses and certifications to broker the sale of the Unit from the Thompsons to the buyer and to act as escrow agent for the transaction.

14.     Based upon the foregoing representations, Plaintiffs entered into an "Amended Purchase/Sale Contract #CR966" dated January 15, 2020 (the "Contract") with Travelscape and a Mexican citizen and resident ("Buyer"), whereby Buyer agreed to purchase the Unit from Plaintiffs for a total sales price of $42,000. (A true and correct copy of the Contract provided to Plaintiffs is attached hereto as Exhibit A.) Travelscape is identified as the "Broker" and "Escrow" agent in the Contract, and represents and warrants therein that it holds all legal licenses and "permissions" to perform the broker and escrow services contemplated in the Contract. (Ex. A: Contract, first paragraph and "Whereas" clause.)  Travelscape further represents and warrants in the Contract that Buyer has transferred the full sales price for the Unit along with all known associated costs of the sale into a "non-refundable Escrow/Guarantee Account under the control of" Travelscape.  (Ex. A: Contract, § 6.) Travelscape also guaranteed in the Contract that the total sales proceeds, less broker and escrow fees, would be paid to Plaintiffs at closing via Cashier's Check. (*Id.*)

15.     The Contract also provides that it and the transactions contemplated therein will be governed by, construed, and enforced in accordance with the laws of the Commonwealth of Kentucky, and that a non-breaching party is entitled to recover his, her, or its costs and attorney fees in the event suit is filed arising from a breach of the Agreement. (Ex. A: Contract, § 8.)

16.     Following execution of the Contract, Chase and Fisher each represented to Plaintiffs, over the ensuing 18 month period, that there were additional costs and fees necessary for the Plaintiffs to pay before the parties would be able to proceed to closing under the Contract.  These costs and fees, which were not previously disclosed to Plaintiffs, included, without limitation, a "Resort Transfer Fee", "Resort Unpaid Balance", "Foreign Investor Late Registration Penalties", "Mexican Sales Tax", "R.F.C. Penalization", "Additional Security", "Bank Trust Fee", "Capital Gains Tax", "Bank Wire Fees", "Court Settlement Fee", and "Legal Fees". The various additional fees and costs, including those specified above, were memorialized in separate "Addendum(s)" to the Contract executed by Travelscape, Title Services, the Plaintiffs, and the Buyer. (True and correct copies of the above-referenced Addendum(s) (collectively, the "Addenda") are attached hereto as Exhibit B.) On information and belief, the additional charges represented by Defendants were not legitimate fees associated with the transaction.

17.     Pursuant to the Addenda, Travelscape and Title Services represented and confirmed that Buyer had deposited into escrow all sums which Plaintiffs were required to pay under the Addenda, and that such monies shall be paid to Plaintiffs at closing as reimbursement for their payment of the particular fees and costs specified in each Addendum. (*See* Ex. B: Addenda, §1.)

18.     In reliance upon the foregoing representations of the Defendants, Plaintiff paid several thousand dollars to Defendants under the Addenda in order to proceed to closing under the Contract.

6

19.     However, a closing never materialized, as Plaintiffs were repeatedly informed that they would need to incur and pay even more costs and fees in order to consummate the transaction for the sale of the Unit.

20.     All told, Plaintiffs paid $375,000 to or for the benefit of Defendants under the Contract and the Addenda relating thereto. However, Plaintiffs received none of their monies back, as the Defendants represented they would in the Contract and Addenda.

21.     Eventually, in June 2021, in consideration for the delays in repayment to the Plaintiffs and payment of another $6700.00 by Plaintiffs, as demanded by Defendants, Title Services, acting at all relevant times for itself and in concert with Travelscape as its agent, entered into an agreement with Plaintiffs to pay them the sum of $568,059.74, entitled "Guarantee Letter Purchase/ Sale Contract #CR966." (the "Guaranty"), a true and correct copy of which is attached hereto as Exhibit C.

22.     Despite Plaintiffs fulfilling all of their obligations under the Contract, the Addenda, and the Guaranty, Defendants Travelscape and Title Services have failed or refused to fulfill their obligations under the foregoing agreements, and are therefore in breach thereof.

23.     Upon further investigation by Plaintiffs with the assistance of counsel, and based upon Defendants' utter lack of performance under the various agreements referenced herein, and their repeated demands that Plaintiffs continue paying more and more money in fees and costs before the Contract and Guaranty would be fulfilled by Defendants, on information and belief, Defendants had no intention to perform under the transactions at issue herein.  Rather, the Defendants, in concert with Mexican nationals, including purported attorney Salvador Mendoza, through their actions alleged herein, conducted an enterprise through a pattern of fraudulent and wrongful racketeering activity which caused substantial injury to Plaintiffs' property.  Defendants

engaged in a scheme to prey upon Plaintiffs as elderly retirees, unsophisticated in the purchase and sale of timeshare units, to defraud them of substantial sums of money.  As a direct and proximate result of their wrongful acts alleged herein, Defendants are liable to Plaintiffs for all monetary damages suffered by them, along with an award of punitive damages to deter future egregious conduct of this nature, and for Plaintiffs' costs and reasonable attorney fees.

## COUNT I

### (Breach of Contract)

24.     Plaintiffs incorporate by reference paragraphs 1-23 contained herein as if set forth fully herein.

25.     Defendants Travelscape and Title Services entered into valid and binding contracts and guaranties with Plaintiffs, as evidenced by Exhibit A, B, and C, in consideration for which they agreed to pay Plaintiffs sums totaling $568,059.74.  Said defendants breached the aforesaid contracts and guaranties, and are liable to Plaintiffs for the sum of  $568,059.74, plus their costs and attorney fees, for which Plaintiffs will be seeking a judgment at trial.

## (COUNT II)

### (Fraud)

26.     Plaintiffs incorporate by reference paragraphs 1-25 contained herein as if set forth fully herein.

27.     By their actions alleged herein, Defendants made a series of false misrepresentations of past and existing facts intended to induce Plaintiffs to pay substantial sums of money and continue doing so, ostensibly so that the transactions alleged herein could proceed to "closing" wherein Plaintiffs would then receive all their money back plus additional funds.

28.     Defendants made such representations knowingly or with a reckless disregard for their truth or falsity.

8

29.     Plaintiffs relied on these misrepresentations by continuing to make payments demanded by Defendants under the false pretenses that such payments would be held in a secure escrow account under the control of the Defendants and that Plaintiffs would receive all their money back from Defendants upon the closing of the transactions at issue.

30.     As a direct and proximate result of Defendants' misrepresentations and fraudulent conduct, Plaintiffs have suffered substantial actual damages exceeding $375,000.

31.     Defendants Title Services and Travelscape are liable for the wrongful acts of their employees, representatives, and agents who were in contact with Plaintiffs and who, at all times alleged herein, acted within the scope of their duties at these respective entities or with apparent authority to do so.

32.     Consequently, Plaintiffs are entitled to a judgment against the Defendants, jointly and severally, for the entire amount of actual damages caused by the fraudulent conduct alleged herein, in addition to all other appropriate relief.

## COUNT III

### (Violation of 18 U.S.C.S. § 1962 *et seq. (RICO)*)

33.     Plaintiffs incorporate by reference paragraphs 1-32 contained herein as if set forth fully herein.

34.     By their actions alleged herein, Defendants have engaged and are continuing to engage in conduct as part of an enterprise comprising Defendants and other individuals acting in concert with them, which constitutes a pattern of racketeering activity in violation of 18 U.S.C § 1962(c) and/or (d).

35.     At all relevant times alleged herein, Defendants each conducted and participated in, directly or indirectly, the enterprise's affairs through a pattern of racketeering activities.

36.     Specifically, the Defendants used the instrumentalities of interstate commerce, including electronic mail and bank wires, to perpetrate mail and wire fraud upon Plaintiffs. Defendants did so by emailing the Contract, Addenda, and Guaranty to Plaintiffs as reflected in Exhibits A, B, and C, as well as other documents, which contain false statements concerning bogus charges and fees Plaintiffs were ostensibly required to pay in order to complete the transaction whereby they would sell their interest in the Unit to the Buyer and obtain all of their money back paid towards such charges and fees. Such documents sent by electronic mail also contain false statements that (i) Plaintiffs' funds were held in an escrow account under the control of Defendants Title Services and Travelscape pending closing, and (ii) the Buyer had already deposited funds in Defendants' escrow account for the benefit of Plaintiffs. Such was not the case.

37.     In reliance upon the misrepresentations of the Defendants in furtherance of their operation of the enterprise engaged in a pattern of racketeering activity, Plaintiffs caused the sum of $375,000 to be wired to accounts under the control of the Defendants and their co-conspirators.

38.     On information and belief, Defendants and their co-conspirators conducting the unlawful enterprise have used Plaintiffs' funds for their own personal benefit as part of a scam to defraud Plaintiffs.

39.     On each occasion during the approximately 18 month period beginning in January 2020 in which Defendants emailed the fraudulent contract and guaranty documents referenced herein to the Plaintiffs, Defendants engaged in a predicate act committed in furtherance of the pattern of racketeering activity alleged herein.

40.     Such pattern of racketeering activity consisted of greater than thirty (30) separate predicate acts of racketeering activity over the period from January 2020 through the present.

41.     Defendants' pattern of racketeering activity is ongoing in that they are still contacting Plaintiffs demanding payment of additional funds in furtherance of the enterprise engaged in racketeering activity which they are conducting.

42.     The Racketeer Influenced and Corrupt Organizations Act (RICO) related fraudulent scheme and enterprise perpetrated upon Plaintiffs by Defendants is the direct and proximate cause of Plaintiffs' financial losses amounting to over $375,000.

43.     Consequently, Plaintiffs are entitled to a judgment against all Defendants, jointly and severally, awarding treble damages, plus their costs and reasonable attorney fees, pursuant to 18 U.S.C. § 1964(c).

## COUNT IV

### (Civil Conspiracy)

44.     Plaintiffs incorporate by reference paragraphs 1-43 contained herein as if set forth fully herein.

45.     Defendants have, by their actions alleged herein, entered into a corrupt or unlawful agreement by concert of action in order to perpetrate a fraud upon the Plaintiffs.

46.     Defendants and their agents and co-conspirators have engaged in one or more overt acts in furtherance of the conspiracy alleged herein, as detailed in numerical paragraphs 11-23 and 34-43 hereof.

47.     Plaintiffs suffered substantial monetary damages as a direct and proximate result of the conspiracy to defraud them engaged in by Defendants and their agents and co-conspirators, for which they will be seeking a judgment in an amount determined at trial.

## COUNT V

### (Unjust Enrichment)

48.     Plaintiffs incorporate by reference paragraphs 1-47 contained herein as if set forth fully herein.

49.     Plaintiffs have conferred monies and other valuable benefits upon the Defendants under circumstances whereby it would be unjust and inequitable for Defendants to retain such monies and benefits.

50.     Consequently, Plaintiffs are entitled to an order from the Court directing that Defendants disgorge and make restitution to Plaintiffs for all monies wired to them and/or their co-conspirators.

**WHEREFORE**, Plaintiffs, Curtis L. Thompson and Kathryn A. Thompson, respectfully request the following relief from the Court:

A.     A judgment against Defendants, jointly and severally, under one or more of Counts I, II, III, IV, and V in an amount to be determined at trial;

B.     An award of Plaintiffs' costs and expenses incurred herein, including their reasonable attorney fees as allowed by law;

C.     An award of treble damages pursuant to 18 U.S.C. § 1964(c);

D.     An award of punitive damages in the discretion of the trier of fact; and

E.     Any further legal or equitable relief to which Plaintiffs may be entitled

**PLAINTIFFS DEMAND A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

12

Respectfully submitted,


/s/ *Michael A. Valenti*

Michael A. Valenti, Esq.
Hayden A Holbrook, Esq.
VALENTI HANLEY PLLC
One Riverfront Plaza, Suite 1950
401 West Main Street
Louisville, KY 40202
(502) 568-2100
(502) 568-2101 (fax)
mvalenti@vhrlaw.com
hholbrook@vhrlaw.com
***Counsel for Plaintiffs***



Dated October 29, 2021.

## **VERIFICATION**

I, Curtis L. Thompson, Plaintiff in the above-referenced Action, declare under penalty of perjury under the laws of the United States of America, that the facts alleged in the foregoing Verified Complaint are true and correct to the best of my information, knowledge, and belief as of the date hereof.

*Curtis L. Thompson 10/29/2021*

Curtis L. Thomspon

## **VERIFICATION**

I, Kathryn A. Thompson, Plaintiff in the above-referenced Action, declare under penalty of perjury under the laws of the United States of America, that the facts alleged in the foregoing Verified Complaint are true and correct to the best of my information, knowledge, and belief as of the date hereof.

*Kathryn A Thompson* 10/29/2021
Kathryn A. Thompson